UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT MOORE,

    Plaintiff,

                                  CASE NO.:

vs.

ODULAIR, LLC, and ANITA
CHAMBERS, Individually,

    Defendants.           /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ROBERT MOORE, ("Plaintiff"), was an employee of Defendants, ODULAIR, LLC ("ODULAIR") and ANITA CHAMBERS ("CHAMBERS") (hereinafter collectively referred to as, "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. §207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

8. At all times material hereto, Plaintiff was a resident of Davidson County, Tennessee.

9. Defendant, ODULAIR, conducts business in, among others, Davidson County, Tennessee, therefore venue is proper in the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

2

Case 3:21-cv-00125   Document 1   Filed 02/15/21   Page 2 of 7 PageID #: 2

10. Defendant, ODULAIR, a Wyoming Profit Corporation licensed to do business in Tennessee, is in the business of operating mobile clinic facilities nationwide and region-wide.

11. At all times relevant to this action, CHAMBERS owned and/or operated ODULAIR, and regularly exercised the authority to: (a) hire and fire employees of ODULAIR; (b) determine the work and pay schedules for the employees of ODULAIR; (c) control the finances and operations of ODULAIR; and (d) was responsible for the overall business operations of ODULAIR.

12. The Plaintiff in this action was employed by Defendants as an Assembler beginning from on or around February 2019 through January 2021.

## COVERAGE

13. At all material times during the last three years, Defendant, ODULAIR was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14. At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

15. At all material times, ODULAIR has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times material, ODULAIR has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. tools, materials, medical equipment and supplies and/or office supplies).

17. Therefore, Defendant, ODULAIR is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. Additionally, Plaintiff was individually engaged in interstate commerce during his employment with Defendants as a result of his routine and daily use of email and telephone communications that crossed state lines, his routine travel to other states including California and New York, and his routine and regular handling of goods, materials and supplies which had travelled in interstate commerce.

## GENERAL ALLEGATIONS

19. Defendant, ODULAIR, is in the business of building mobile medical units.

20. Defendants were "employers" of Plaintiff within the meaning of the FLSA.

21. Plaintiff was an employee of Defendants within the meaning of the FLSA.

22. Plaintiff performed duties as a non-exempt Assembler of medical units for Defendants.

23. Plaintiff worked in this capacity from approximately February 2019 through January 2021.

24. Plaintiff earned a salary in exchange for work performed from on or around February 2019 to August 2019.

25. Defendants did not pay Plaintiff overtime compensation for hours worked over forty (40) hours per week during the period Defendants paid Plaintiff a salary.

26. Defendants misclassified Plaintiff as an exempt employee during the period Plaintiff was paid a salary.

27. When Defendants started paying Plaintiff an hourly rate, they cut Plaintiff's pay by approximately ten (10) percent and also reduced Plaintiff's hours worked.

28. When Defendants started paying Plaintiff an hourly rate, Defendants did not calculate and pay the unpaid overtime incurred when Plaintiff was misclassified as an exempt employee and paid a salary.

29. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

30. Despite working more than forty (40) hours per week during one or more work weeks, Defendants failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) during one or more workweeks.

31. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

32. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

33. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

34. Defendants failed to maintain proper time records as mandated by law.

35. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35 above.

37. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

38. During the period that Plaintiff earned a salary, Plaintiff worked overtime hours, but was not paid time and one-half compensation for same during one or more workweeks.

39. Defendants had knowledge of the overtime hours worked by Plaintiff.

40. Defendants were aware of laws which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

41. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

42. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

    a. Awarding Plaintiff any unpaid overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime

award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 2/15/2021.

Respectfully submitted by,

_____
Kimberly De Arcangelis, Esq.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiff

7